## No. 1913.—G. M. BOWDITCH v. GEORGE HEATION, etc.

On the thirtieth day of August, 1859, the Towboat Association of the City of New Orleans leased from the plaintiff two co u yards, with the buildings thereon, and wharves, situated on the west bank of the Mississippi river, near its mouth, for the term of five years, at a stipulated rate of rent to be paid annually, in advance. The rent was paid punctually up to the thirteenth of August, 1861. The civil war broke out at or about this time between the United States and the so-called Confederate States. The mouth of the Mississippi was blockaded by the United States navy, and the Forts Jackson and St. Philip, on opposite sides of the river, above the coal yards, were occupied and garrisoned by the insurgent forces, which military occupation by hostile forces prevented the lessees from using the coal yards from that date. The lessor brings this action for the rent due on the remainder of the term of the lease. Held—That by the occupancy of the premises and surroundings of the leased property by the two contending armies, the lessees were prevented from using them as a coal yard and depot; that this interruption amounted in law to a revocation of the lease from that date, and that no action would lie to enforce the payment of rent thereafter. C. C. 2667.

APPEAL from Sixth District Court, parish of Orleans. *Duplantier*, J. *J. S. Whitaker*, for plaintiff and appellant. *Hornor and Benedict*, for defendants and appellees.

LUDELING, C. J.   On the thirtieth day of August, 1859, the plaintiff entered into a contract with the Towboat Association of the city of New Orleans by which he leased to said association, for the term of five years, from thirteenth of August, 1859, two coal yards, with the buildings thereon, and wharves, situated on the west bank of the Mississippi river, at the Southwest Pass, for the yearly rent of two hundred dollars, payable annually in advance.

The Towboat Association paid the price stipulated up to the thirteenth August, 1861, but they have refused to pay since that date, because, they allege, that they were prevented by the civil war and the blockade at the mouth of the Mississippi river, from occupying or using the leased premises in any way, and that those events destroyed the lease.

We concur with the learned judge of the district court "that the evidence clearly show that, owing to the blockade of the mouth of the Mississippi river by the United States navy, and the occupancy of Forts Jackson and St. Phillip by the Confederate authorities, the defendants had not free access to the premises leased during the time for which rent is claimed," and that "this amounted, in law, to an eviction from the premises, and released them from their obligation to pay rent to the plaintiff. C. C. art. 2667.

Mr. Marcadé, commenting on article 1722 of the Code Napoléon, which is similar to article 2667 of our Civil Code, (with the exception that it does not contain the following clause, found in our Code, " or if it be taken for a purpose of public utility,") remarks :

"Notre article ne parle que de la destruction matérielle, de la suppression de la chose même ; mais il peut y avoir, par force majeure également, suppression de la jouissance, impossibilité absolue ou momentanée de se servir de la chose, sans que cette chose soit maté-

riellement atteinte, et le locataire pourra demander encore, selon les cas, ou la résiliation du bail, ou une diminution du loyer, ou la cessation momentanée du payement de ce loyer.

"Ainsi quand, en temps de guerre, le locataire est forcé de quitter son habitation, dont les troupes s'emparent; si, en temps de peste, il ne peut pas venir occuper la maison qu'il a louée dans une ville, parce que la police sanitaire l'empêche d'entier," etc., "dans tous ces cas et autres analogues, le preneur pourra, suivant les circonstances, tantôt faire résilier le bail, tantôt obtenir soit une diminution du loyer, soit la cessation momentanée du payement de ce loyer." Vol. 6, p. 450.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.